UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| FRANKIE SANTIAGO, NICOLE NERONHA, JOSEPH NERONHA, MARIA NERONHA, and ONNY JULES, on behalf of themselves, and on behalf of all other similarly situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>D.R. HORTON, INC., and DHI MORTGAGE COMPANY, LTD.<br><br>**Defendants.** | Case No.: 6:25-cv-1904-JSS-NWH<br><br>CLASS ACTION<br><br>DEMAND FOR JURY TRIAL |

**Uniform Case Management Report**

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

   > The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

   The Parties conducted the planning conference on 11/25/2025. Jeffrey L. Newsome, II, Roke Iko, Mitch Kider, Emma Bellamy and Richard Allen attended the conference.

2. **Deadlines and Dates**

   **Plaintiffs**: Plaintiffs request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 1/15/2026 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 12/1/2026 |
| Plaintiff's deadline for disclosing any expert report. *See* Fed. R. Civ. P. 26(a)(2). | 1/4/2027 |
| Defendant's deadline for disclosing any expert report. | 2/4/2027 |
| Deadline for disclosing any rebuttal expert report. | 2/18/2027 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 8/1/2027 |
| Deadline for moving for class certification*, if applicable. *See* Fed. R. Civ. P. 23(c). | 5/3/2027 |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 8/1/2027 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. | 11/27/2026 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 12/27/2027 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 12/27/2027 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 1/3/2028 |

---

* Some Courts within this District conduct a second Scheduling Conference post certification because until the details of a class are known, the remaining issues regarding discovery for trial, the length of trial and dispositive motions are difficult to determine. Additionally, either party has the right to appeal any certification order pursuant to Rule 23(f), which would also render these deadlines meaningless.

| | |
|---|---|
| Month and year of the trial term. | 1/10/2028 |

**Defendants**: Defendants request that this Court stay discovery pending the outcome of their forthcoming motion to dismiss Plaintiffs' claims in their entirety, which is due on December 8, 2025. Shortly thereafter, Defendants will also file a motion to stay discovery pending the outcome of their motion to dismiss as well as to phase discovery.

Due to the pendency of Defendants' forthcoming motion to dismiss, there is not an answer to the Complaint on file, and following Defendants' motion, Plaintiffs could amend the pleadings, or the Court could dismiss the case. Since the motion may obviate or alter discovery needs and scope, the interests of judicial economy and litigant resources support such a stay. As will be made clear in Defendants' motion to dismiss, Plaintiffs' Complaint suffers from severe pleading deficiencies that will warrant dismissal of all counts.

Defendants also request that the Court consider a phased discovery schedule. Defendants propose that the Parties conduct discovery in phases, with Phase One being an eight (8)-month period limited to the named Plaintiffs' claims and culminating in dispositive motions related to the same. Then, if Plaintiffs' claims remain, Defendants request a follow-up pre-trial conference to schedule additional class-related discovery, if necessary. Given Defendants' forthcoming motion to stay discovery, the following Phase One discovery proposal is being provided as an example only. Defendants' position is that a discovery schedule should not be put in place until after the Court rules on Defendants' motion to dismiss.

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 1/15/2026 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 12/1/2026 |
| Deadline for serving Phase 1 expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | Plaintiff: 4/3/2026<br>Defendant: 5/3/2026<br>Rebuttal: 5/17/2026 |

| | |
|---|---|
| Deadline for completing Phase 1 discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 8/1/2026 |
| Deadline for filing any dispositive and *Daubert* motions regarding Phase 1/individual Plaintiffs. See Fed. R. Civ. P. 56. | 9/1/2026 |

The trial will last approximately 15 days and be

☒ jury.

☐ non-jury.

3. **Description of the Action**

   **Plaintiffs:** On behalf of similarly situated homebuyers, Plaintiffs allege Defendants D.R. Horton and DHI Mortgage operate a common scheme by which they entice prospective homebuyers by offering them low, affordable monthly payments. In reality, Defendants have created artificially low monthly mortgage payment quotes by deliberately including only a fraction of required property taxes in their payment calculations, while knowingly excluding the remaining taxes. Through this "Monthly Payment Suppression Scheme," Defendants mislead class members, including the Plaintiffs into believing their total monthly housing costs will fit within their monthly budget. Months or years later, after Defendants sell their mortgages, do these borrowers discover the truth, when a new servicer informs them that their escrow account is in the negative, and their monthly payments skyrocket.

   Documents reveal that Defendants possess the actual property tax amounts throughout the entire homebuying process, and they know what homebuyers' monthly payments will actually be, however, they prominently and repeatedly center the suppressed monthly payment in all the paperwork provided to homebuyers. Federal law prohibits this sort of systematic and intentional under-funding of escrow, and to add insult to injury, Plaintiffs and the class all obtained mortgages through the Federal Housing Administration, and are on tight budgets, and the payment shock from Defendants' deception puts them at increased risk of foreclosure.

   On behalf of nationwide and Florida classes, Plaintiffs bring claims under RICO, Florida's Unfair and Deceptive Trade Practices Act, and for common law negligence and unjust enrichment.

4

**Defendants:** Plaintiffs purchased newly constructed homes from D.R. Horton with mortgage loans from DHI Mortgage (DHIM). As is typical with new home construction, Plaintiffs' homes were still assessed by the local taxing authority as "unimproved" properties—with lower property tax rates—at the time Plaintiffs' loans closed. Plaintiffs were informed that their homes would be reassessed at some point after closing as "improved" properties with higher property taxes and higher monthly payments.

Local taxing authorities have varying timetables for assessing real estate taxes owed on properties. DHIM properly calculated estimated escrow payments required at closing based upon the unimproved property tax value because the future reassessment by local taxing authorities had not yet occurred. DHIM also properly provided escrow and property tax estimates required in accordance with applicable law, as well as additional disclosures and documents expressly putting Plaintiffs on notice of the estimated improved property tax value, all before Plaintiffs entered into their mortgage loans.

Despite having received all federally mandated estimates and additional notices regarding their future property taxes, Plaintiffs allege that DHIM failed to disclose certain information related to their estimated property taxes. Plaintiffs offer no factual allegations, aside from conclusory statements, concerning any purported fraud committed by the home builder D.R. Horton. Plaintiffs also fail to plead that DHIM made any false or misleading statement or omission, let alone plead such conduct with particularity as required under Rule 9(b)'s heightened pleading standard. Plaintiffs' purported claims suffer from a host of pleading deficiencies and should be dismissed.

4. **Disclosure Statement**

   ☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

   ☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

   "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and

> other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

## 7. Preliminary Pretrial Conference

☒ Plaintiffs do not request a preliminary pretrial conference before the Court enters a scheduling order.

☒ Given the disagreement between the Parties on scheduling, Defendants request a preliminary pretrial conference to discuss their request that discovery be stayed until the resolution of their forthcoming motion to dismiss. They further request that the Parties conduct discovery in phases, as set forth above. Plaintiffs oppose both a stay of discovery pending the motion to dismiss and a phased discovery plan.

## 8. Discovery Practice

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

## 9. Discovery Plan

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☒ Yes.
☐ No; instead, the parties agree to these changes: enter changes.

B. Discovery may be needed on these subjects:

**Plaintiffs**: Defendants' documents and communications with one another, the FHA, buyers such as Plaintiffs and the Classes, and taxing authorities. DHI Mortgage's internal underwriting documents, audits by the FHA, and practices, policies, and procedures for issuing FHA mortgages.

**Defendants**: Discovery is needed from Plaintiffs including, but not limited to, the origination and servicing of their loans, related property tax and escrow information, alleged damages, and any communications with third parties, such as mortgage lenders and servicers that are not parties to this case.

C. Discovery should be conducted in phases:

☒ Plaintiffs: No.
☒ Defendants: Yes. As discussed above, Defendants request phased discovery.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☐ No.
☒ Yes; Both Parties anticipate requesting significant ESI that will need to be addressed with an ESI protocol. Defendants believe a protective order will also be necessary to ensure the confidentiality of personally identifiable information contained in borrower loan files as well as confidential information pertaining to Defendants.

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.

☐ Yes; describe the stipulation.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

| FOR PLAINTIFFS | FOR ALL DEFENDANTS |
|---|---|
| **VARNELL & WARWICK, P.A.** | **WEINER BRODSKY KIDER PC** |
| /s/ Jeffrey L. Newsome, II | /s/Mitchel H. Kider |
| Jeffrey L. Newsome, II: 1018667 | Mitchel H. Kider |
| Brian W. Warwick; FBN: 0605573 | Timothy P. Ofak |
| Janet R. Varnell; FBN: 0071072 | Emma C. Bellamy |
| Christopher J. Brochu: 1013897 | 1300 19th Street, N.W. |
| Pamela Levinson, 538345 | Suite 500 |
| 400 N. Ashley Dr., Ste. 1900 | Washington, DC 20036 |
| Tampa, FL 33602 | 202-628-2000 |
| Telephone: (352) 753-8600 | Fax: 202-628-2011 |
| Facsimile: (352) 504-3301 | Email: kider@thewbkfirm.com |
| bwarwick@vandwlaw.com | ofak@thewbkfirm.com |
| jvarnell@vandwlaw.com | bellamy@thewbkfirm.com |
| jnewsome@vandwlaw.com | |
| cbrochu@vandwlaw.com | **THE GROSSHANS GROUP PLLC** |
| plevinson@vandwlaw.com | |
| ckoerner@vandwlaw.com | Joshua D. Grosshans |

| | |
|---|---|
| **CLARKSON LAW FIRM, P.C.**<br>Kristen G. Simplicio<br>Roke Iko<br>1050 Connecticut Avenue NW<br>Suite 500<br>Washington, DC 20036<br>Telephone: (202) 998-2299<br>ksimplicio@clarksonlawfirm.com<br>riko@clarksonlawfirm.com<br><br>**NATIONAL CONSUMER LAW CENTER**<br>Jennifer Wagner (WVSB # 10639)<br>Shennan Kavanagh (MA BBO # 655174)<br>7 Winthrop Square, 4th Floor<br>Boston, MA 02144<br>Telephone: (617) 542-8010<br>Fax: (617) 542-8028<br>jwagner@nclc.org<br>skavanagh@nclc.org | Richard L. Allen, Jr.<br>884 South Dillard Street<br>Winter Garden, FL 34787<br>407-900-0605<br>Email: josh@ggrouplaw.com<br>          rick@ggrouplaw.com |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 2, 2025, the foregoing was electronically filed with the clerk of the court using the CM/ECF Portal, which will send notice of filing and a service copy to all counsel of record.

*/s/ Jeffrey L. Newsome, II*
Jeffrey L. Newsome, II